Case number 152154 United States v. Miguel Nieves-Borrero May I please have a word? Good morning. Good morning, Honorable Justice. In this case, Miguel Nieves-Borrero pleaded guilty to one of five persons indicted, and he pleaded guilty to count one as all the others defended, pursuant to a plea agreement which recommends a sentence of 15 months. It comes at the sentencing hearing that Mr. Nieves-Borrero was awarded an enhancement based on allegedly two prior felony convictions or violent crime. So at that time, I raised a point regarding the priors since the sentence he received on those sentences was six months. That means it's a misdemeanor, not a felony. And the court asked the undersigned if I was objecting this PSR since I did not. I can see the government that I did not file an objection to the PSR. So the court asked me if I was objecting, and I said yes. And the government did not oppose. So I go ahead with the point that the criminal history of my client was overrepresented because of those two minor convictions, not accusations. The sentence report calls for accusation because he was indicted as a felony in those cases, but the conviction was for two misdemeanors because it was six months on each of them. We are here to ask for a review as plain error since I did not raise the point in writing before because the court did not make any inquiry as to what happened that he was convicted as a misdemeanor and not as a felony. So no analysis was made in court regarding those priors. And that put my client in a very bad position because instead of 15 months that was recommended and that the government in more than three occasions during the sentencing hearing just asked the court to sentence the person to the plea agreement, which was 15 months. In the sentencing hearing, the court will be aware to know that at the sentencing hearing, the court will make an analysis of this case, why this case received, all the defendants received a lower sentence because there was a problem with the case. A corrupted police officer was the witness of this case. At that time, I have no knowledge that the witness against my client was also a corrupt because it was not included in the indictment of the other police officer. Now I know that. But before that, I know that day before yesterday, really, that the witness against my client was another corrupt officer that pled guilty to breaking false statement and for fabricating cases. So in order to avoid a miscarriage of justice, in order to determine that an error was committed because the court did not make the analysis pursuant to the camps and pursuant to Johnson regarding the two priors, regarding what happened. So we don't have any minutes. We don't have anything that may give us a light of what happened, really, with those priors about ten years ago, those priors that led the court to set a sentence of six months on each of them. Have you tried to get those records now? I mean, if you got those records, would they be favored? Well, I got it now, but after I filed the brief. And the court didn't make it, and the court didn't request it, and the probation officer also didn't make it. There's no representation to us that if we looked at the documents, they would be favorable to your client. Yes, but as I considered the government, I failed to file a timely objection to the PSA. Right, but under our current case law, that's a problem. Yes. So what's your answer to that? Well, Your Honor, at that time, so I failed to file the objection to the presenter's report of a very personal situation that I was having at that time. And the sentencing was – No, no, I'm not asking why you didn't object. I'm asking what are we supposed – Our case law suggests that if a defendant doesn't object to the PSR's representation, that's a qualifying offense, and doesn't make any representation to us on appeal, that if we looked at the underlying Shepherd documents, they would be favorable to the defendant. We have no basis for concluding that it is probable that the documents would be helpful to the defendant. That's our case law, and that seems to be the situation we've got here. The PSR says it was qualifying. There was no objection to the PSR. Now on appeal, you're saying, well, they didn't do an analysis, but you're not saying that the documents would be favorable to you. So I don't see how under our current case law – That's right, that's right, but the statute calls for felony convictions, not for felony accusation. And my client was not convicted of a felony. Does anything in the records show he was not? It was a six-month sentence, your Honor, a six-month sentence. One of the accusations said that my client shot at a police officer, and it was an attempted murder. It ended on aggravation, simple aggravation, six months. So everybody should ask why a police officer is going to accept that a person be reclassified for a misdemeanor if he really was shot and received an injury and went to the hospital as the accusation said. But that was not the sentence. We really don't know. We don't have any colloquy. We don't really look at the sentence actually imposed. We look at the sentencing exposure when we're making that analysis. We try to determine if it's punishable by more than a year. That's right, but the statute calls for conviction. And he was not convicted as a felony. He was convicted as a misdemeanor charge, six months. And you're saying we can deduce that the reasonable inference that he was not convicted of the felony is that we know the sentence was six months? Yes. It was a sentence for six months. So in the penal code, I think it was. Is it possible to be convicted of the felony and to get a six-month sentence? No, no, no, he was not convicted as a felony. A felony cannot be punished for six months. It cannot be punished. There's one to the penal code. So you're saying in this case actually the record, as it comes to us, because the record shows what the sentence was, it says if we have evidence that makes it probable that if we looked at the records it would show what you're saying. There was no record. There was no record. That's my point. There was no record. You're saying that if it's a felony, there's a minimum sentence of a year or more than a year, and we can look at the record that way to determine that it couldn't be a felony because a felony has a minimum sentence. This is an appeal. If I don't raise that point and I don't bring the document in the local court for the sentencing, I feel that I cannot bring them here. I think that the court, pursuant to the terms, the court has to go to what happened, what transpired on the case. If those cases do qualify as a felony, as a violent crime. But can you be convicted of a felony and actually receive a sentence of less than one year? But he did not receive a sentence of one year? Of less than one year. Less than one year. You can be convicted of a felony and receive a sentence of less than one year, correct? Not in Puerto Rico. You cannot. No, because he was accused of aggravation. He was convicted. He was accused of attempted murder, but he was convicted for aggravation. Article 122, six months. Less than one year. That is my point. Only one. Because I also raised a disparity of sentence based on the sentences that received the other defendant, but the court correctly addressed the point. Why? Because the court considered the two convictions as violent crime and as felony. But naked on the record. We don't know why. Better respect police. Thank you. May it please the court. Jonathan Gottfried on behalf of the United States. If I may address the last and principal point of appellant's counsel. Based on how I understand the argument, it's that the defendant in this case was charged with attempted murder. That's accurate. He pled to aggravated battery. That's accurate. The appellant's counsel then goes on to make an argument that is not in the briefs, and frankly this is the first time that the government is hearing it, that somehow the aggravated battery statute is a misdemeanor under Puerto Rican law, not a felony. The court does not need to take the government's word for it. We can actually look at appellant's own words in this case. Page 29 of appellant's brief says as follows, quote, based on the penalty herein, and this is with respect to the aggravated battery statute, based on the penalty herein imposed to wit, six months and one day, we can safely conclude that the appellant pled guilty to aggravated battery in the fourth degree. Since the maximum punishment of the offenses is up to three years' imprisonment, the penalty prerequisite of 4B1.2 should not be in doubt. With respect to this case, the defendant in this case was arrested inside an apartment as he was placing a rifle loaded with 60 rounds of ammunition in a kitchen cabinet. He pled guilty to aiding and abetting a felon in possession under 18 U.S.C. 922-G1. The district court sentenced him September 2015 to 70 months in prison, which was a sentence at the bottom of the guidelines. The most straightforward path to affirming the sentence is a straightforward waiver argument here, and there is no dispute between the government and appellant that the appellant failed to object below to the guideline calculation. And this was not for want of opportunity. The appellant had six months between the publishing of the PSR and the sentencing hearing in which to file written objections. Under the Federal Rule of Criminal Procedure 30- Before you go, just so I understand what the practice of the U.S. Attorney's Office is, because I don't fully get what's- we have so many of these cases where the record comes up to us on appeal, and there's just no evidence as to what the nature of the conviction was in the record. All we have is a probation officer's statement as to what it believes is a qualifying offense. And then we have a defendant comes in and says, gee, if you look at the case law, it turns out that might not have been a qualifying offense. And the U.S. Attorney's Office then says to us, well, they didn't object. And I just don't understand. Do you guys look at the convictions to see whether they qualify before you tell judges that they should impose these large sentences? And if you don't, do you- have you looked at the records here? Your Honor, the practice is, yes, we do look at the underlying convictions. Is there some reason why we don't- why you don't put the records in? What is the reason why this keeps happening? I don't fully understand it. Well, Your Honor, if I can address the facts in this case. In this case, we were not seeking an enhancement pursuant to the plea agreement based on the two prior felony convictions. So in this case, there was not a reason for us to do that. Had there been a disagreement, perhaps, an objection lodged to the pre-sentence report, in that case, perhaps, even though the government was not seeking an enhancement, we would have submitted those documents. In other words, the district court just imposed the enhancement without the government having asked for it? Yes, based upon the pre-sentence report. Yeah. I mean, but once you get noticed that there's a pre-sentence report, and you know the judges here, they're going to read the pre-sentence report, and if there's reason to enhance, they're going to enhance. I mean, why doesn't the government come in prepared with the records? Your Honor, I take your point that the government should, in these instances, submit the prior convictions on the record in order to make it easier on appeal. Again, in this instance, the government was not seeking the enhancements, and there was no objection regarding the probation or the judges, for that matter, characterization of the two prior felony convictions. So it's safe to say, in this case, no one other than a probation officer, if even, has ever looked at the records? Your Honor, I — The district court wouldn't have looked at them? The prosecutor who's bringing the case has not looked at them. The defense attorney didn't look at them. And what we have is a probation officer has made the assessment that, under this unbelievably complicated bit of jurisprudence, this qualifies because it could be a divisible offense. Your Honor, with respect to whether or not the prosecutor looked at them — We don't know. There's nothing in the record to indicate. That's correct. There's nothing in the record either way, but I don't know that we conclude that he did not. Or that he did. Or that he did. So from our perspective, we should assume the worst. You should assume that — Because it's fine with you, even if we do assume the worst, for him to get the enhancement. I'm not saying that's wrong of you. I'm just saying that's actually how the case plays out. Even if no one looked at it, it's fine for him to get the enhancement. Even if just the probation office looked at it, the defense counsel had an opportunity — I totally understand. And that's the jurisprudence. I understand that's what our case does. I'm just wondering why this — someone, it would seem like, would have an interest in — and I would think the U.S. Attorney's Office would have an interest in making sure that the people it's prosecuting and those may be subject to these very long sentences, have actually committed the offense. Now, I recognize that's on defense attorney, and the defense attorney should be raising that concern. And that's — our jurisprudence at present says that. But it does seem to me, if case after case, it's odd to me that the U.S. Attorney's Office is content for these sentences to be imposed without anybody having checked to see whether — if you looked at it and you knew it was not a qualifying offense, presumably you would inform the court of that. Yes, Your Honor. Right. So the way it's playing out is, by never checking it, there's no need to inform the court of that. Again, Your Honor, I respectfully disagree with the notion that we never check the prior sentence. No, no. We don't know that you did here. I'm not saying never in any case. I'm saying in cases in which there's no evidence that you did check. Yes, Your Honor. Again, I take the court's point that the government should, in these cases, submit the prior convictions in order to create a record so that everything is perfectly clear. Nonetheless, in this case, the government was not seeking any enhancement in the situation. It was not an instance where we were trying to play a game of gotcha with anyone. We didn't seek an enhancement based on this. I think there's another point to be made, too, though, which is that where you have a situation where neither defense counsel, the government, probation office, or the district court disputes a fact or a legal proposition, to what extent is a district court or anyone required to put it explicitly on the record? And that totally makes sense. I don't fully understand why we allow probation officers to make these representations, given the complexity of the legal analysis. If they simply said, here's a potential qualifying offense, then there would be nothing to stipulate to. There would be no record to anybody. Instead, we're putting it all on a probation officer who, in all likelihood in this case, could have easily relied on the residual clause, for all we know. May have relied upon the residual clause, which, after Beckles, would be perfectly appropriate. As it turns out, as of today. Yes, Your Honor. I'd also note that the probation. You're a pretty good anticipator of how the court was going to rule in Beckles. Maybe the case, Your Honor. Although, at that time, the residual clause, there was no Supreme Court jurisprudence holding that the residual clause was unconstitutional in the sentencing guidelines either. And I would note that, in terms of plain error of view, were this court to send back this decision to the district court, the sentencing guidelines, as existed at the time of the original sentencing, would be applied. Which, under Beckles, the residual clause would be perfectly fair game. No indication that the district court would come out any differently. With respect to the underlying conviction, though, I would note that the pre-sentence report did, in fact, list in detail what the specific provision of the Puerto Rican Penal Code was that the defendant was convicted under. And so there is no reason that defense counsel, the U.S. Attorney's Office, or the judge could not actually look at the Penal Code. It also included a summary of the facts, which, of course, if we're looking at the categorical analysis, are not relevant. But. Just as a point of fact, if one wanted to get these records, could one now? Do you just know how the record keeping works? How old are these convictions? We have a 2005 and a 2009. So would it be possible to get those records? Do you know? I mean, the 2005 may be archived. But with time, we should be able to obtain those. None of this gets around the fact that none of these arguments were waived. And under this circuit's precedent in Torribide's Leonardo, the fact that the defendant failed to file any written objections, failed to object to the categorization during the hearing, even though given multiple opportunities, and despite the district court's repeated characterization of those two prior felonies as qualifying convictions, and the defendant's efforts to raise their arguments for the first time on appeal, that counts as waiver, not just forfeiture. Another point to make is that even if this court were to find that there should have been some kind of explicit finding on the record by the district court, the government doesn't think there should be, but to the extent the court is inclined in that direction, nonetheless, aggravated battery and attempt to possess with intent to distribute are categorically crimes of violence and controlled substance offenses. So at the end of the day, under plain error of view, it doesn't make a difference. Thank you. Thank you.